

NUMBER 13-14-00403-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

NOEL CAMPBELL,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

**On appeal from the 117th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

A Nueces County jury convicted appellant, Noel Campbell, of burglary of a habitation.   *See* TEX. PEN. CODE ANN. § 30.02(a)(3) (West, Westlaw through Ch. 46 2015 R.S.).   The trial court sentenced appellant to thirty years' imprisonment in the Texas Department of Criminal Justice–Institutional Division.   Appellant raises three issues on

appeal:   (1) the evidence was legally insufficient for a jury to find appellant guilty of burglary; (2) the trial court improperly admitted character evidence; and (3) his trial counsel was ineffective.   We affirm.

## I. BACKGROUND

On January 5, 2014, Police Officer Ernesto Coronado, with the Corpus Christi Police Department, was dispatched to Herbert Campbell's ("Herbert") residence in regards to a burglary of a habitation.   Herbert's son is Noel Campbell, appellant.

At the scene, Officer Coronado noticed a broken window pane.   During his testimony, Officer Coronado described Herbert as being frightened and hesitant to open the door, but he did not observe any visible injuries to Herbert's body.   Herbert stated he was awoken by a noise he heard inside the house and found appellant standing next to Herbert's bed.   Officer Coronado testified that Herbert further stated that appellant did not have permission to be in the residence, and Herbert hadn't slept in several days because he was afraid of appellant.   Herbert was afraid of appellant because appellant had previously broken into Herbert's home three days prior to this incident.   Further, Officer Coronado testified that Herbert stated appellant would "beat Herbert's ass" if Herbert did not give him money to replace a lost phone.   Under cross-examination, Officer Coronado stated that Herbert indicated that he had not been assaulted.   In fact, Herbert indicated he was able to get appellant to calm down and leave without further incidents or threats.

The following day, Herbert followed up with his report at the Corpus Christi Police Station with Detective Robert McFarland.   According to Detective McFarland, at the station, Herbert stated that at the time of the burglary, appellant threatened to "beat

2

Herbert's ass" if Herbert didn't give appellant money for a cell phone. Additionally, Detective McFarland testified that Herbert also stated appellant had pushed him with both hands from the back while Herbert was in bed. According to Herbert, this caused him some pain and soreness to his ribs and legs.

Last, Herbert testified that he woke up to a noise in his home and found appellant standing by his bed asking for money. According to Herbert, appellant started using profanity and threatened to tear his "face off prison style". As appellant was attempting to secure valuables, a struggle ensued in which appellant threw Herbert to the floor, causing him to hit the bedstead. During cross-examination, Herbert admitted that he did not remember whether or not he told Officer Coronado he had been assaulted on the night of the incident. Later, he indicated he did not initially report the assault on the night in question because he did not feel the effects of the assault until the day after. Also, Herbert testified he was confused regarding whether he was in bed, or by the bedstead when appellant pushed him from behind. During cross-examination, defense counsel asked Herbert whether this confusion was the result of dementia. On re-direct, Herbert clarified his confusion by testifying that he had problems with appellant regarding similar incidents within the same time period, which is why he was having problems remembering specific details. Due to the previous incidents, Herbert had set up cans and different devices to make noise if a door was opened to alert Herbert when someone was in the home. Officer Coronado had previously testified that upon entering the home, he noticed a rope tied around the doorknob, attached somewhere in the house. Herbert explained that this rope was one of his devices.

3

The jury found appellant guilty of burglary of a habitation. *See* TEX. PEN. CODE ANN. § 30.02(a)(3). The trial court sentenced appellant to thirty years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant argues there was insufficient evidence for a jury to find that appellant entered Herbert's home and attempted to commit or committed an assault against Herbert.

### A. Standard of Review and Applicable Law

We apply the standard articulated in *Jackson v. Virginia* to determine whether the evidence is sufficient to support a criminal conviction. *See* 443 U.S. 307, 319 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (holding that the *Jackson* standard of review is the "only standard" that should be applied in a sufficiency review). Under *Jackson*, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 443 U.S. at 319.

The elements of the offense are measured as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App.1997)). Such a charge "[is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal,* 286 S.W.3d at 327. Under a hypothetical burglary charge, appellant would be guilty of burglary of a habitation if he entered Herbert's habitation without his

4

consent and committed or attempted to commit an assault. *See* TEX. PEN. CODE ANN. § 30.02(a)(3). A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another, or intentionally or knowingly threatens another with imminent bodily injury. *Id.* at § 22.01(a)(1), (2). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* at § 1.07(a).

We defer to the jury's determinations of credibility and weight to be given to the evidence because jurors are the sole fact-finders. *See Brooks*, 323 S.W.3d at 899; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West, Westlaw through Ch. 46 2015 R.S.) ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony ...."). Each fact need not point directly and independently to a defendant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Id.* When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Id.* Direct and circumstantial evidence are treated equally in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*

**B. Discussion**

The jury was presented with three different theories upon which to assess the credibility and demeanor of the witnesses who testified at trial. The jury heard testimony that Herbert described different versions of what transpired the night of the burglary. Initially, Herbert claimed he was not assaulted by appellant. Then, he said appellant pushed him from behind while he was lying in bed. Last, he said appellant pushed him while he was standing near the bedstead. However, Herbert stated he was somewhat confused about specific details of the events because of a previous incident that took place around the same time period. The jury was free to believe Herbert's claim that his confusion was a result of a similar incident that took place. In the same manner, the jury was free to discredit the defensive theory that Herbert was unable to recall specific details of the night of the alleged burglary due to dementia. By its verdict, the jury accepted Herbert's statements that an assault took place and rejected Noel's theory.

Moreover, the jury heard evidence from Officer Coronado as well as Detective McFarland. We must defer to the jury's interpretation of this evidence. *See Brooks*, 323 S.W.3d at 899. After considering the evidence in the light most favorable to the verdict, we conclude that a rational juror could have found that appellant entered Herbert's home without his consent and attempted to or committed an assault against Herbert. Additionally, a rational juror could have found that appellant intentionally, knowingly, or recklessly caused Herbert bodily injury or threatened to cause Herbert bodily injury. Because the evidence is legally sufficient to support a burglary of a habitation conviction, we overrule Noel's first issue.

6

### III. ADMISSION OF EVIDENCE

By his second issue, appellant argues that the trial court abused its discretion by improperly admitting evidence in violation of Rule 404(b) of the Texas Rules of Evidence that appellant had committed a burglary at Herbert's house a few days prior to the charged offense. *See* TEX. R. EVID. 404(b) (West, Westlaw through Ch. 46 2015 R.S.).

#### A. Standard of Review

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). The trial court has broad discretion in determining the admissibility of evidence, and its ruling should not be set aside absent a clear abuse of that discretion. *Butterfield v. State*, 992 S.W.2d 448, 458 (Tex. Crim. App. 1999); *Allridge v. State*, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991) (en banc). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion, and the trial court's ruling will be upheld. *Prible*, 175 S.W.3d at 731.

#### B. Procedural History

Outside of the presence of the jury, the State sought permission from the trial court to admit evidence of other burglaries that occurred three days before and three days after the present burglary to show why there was some confusion in Herbert's version of events. Appellant objected to the admissibility of this evidence under Rule of Evidence 404(b). *See* TEX. R. EVID. 404(b). The trial court admitted the evidence on the ground that it was contextual in nature and would, in effect, rebut the assumption that Herbert's confusion of events is the result of dementia:

[State]: I intend to question the witness regarding why he cannot remember certain details. Included in his response, I believe, will be that there were multiple incidents that occurred within a short period of time that make it where it is more difficult for him to remember some of those details.

[Defense]: Your Honor, officer's [sic] already testified as to the more immediate recount of what happened and what was told to them by this witness, which would surely be more credible and closer in time.

. . . .

[Court]: This is just to clarify. He didn't remember whether this happened in this incident versus this incident versus this incident. . . it's just contextual in nature. . . that would, in effect, rebut perhaps the assumption that's being made before this jury is that he had dementia and that he can't remember, and there may be a reason why he can't segregate the events if they were so close in time, okay? I'm going to allow it.

## C. Discussion

Appellant claims evidence of a similar burglary committed by appellant before and after this incident was proof of an extraneous offense that is inadmissible under 404(b).

Under rules 401 and 402, relevant evidence is admissible. *See* TEX. R. EVID. 401, 402. When determining whether evidence is relevant, we "examine the purpose for which the evidence is being introduced." *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). Although Rule 404(b) prohibits the admission of other crimes "to prove the character of a person in order to show action in conformity therewith," extraneous-offense evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* 404(b). Rebuttal of a defensive theory is also a permissible purpose under rule 404(b). *See Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003). Accordingly, the State may introduce extraneous offense evidence to rebut a defensive

8

theory that was raised in the defendant's opening statement. *Powell v. State*, 63 S.W.3d 435, 439 (Tex. Crim. App. 2001); *Lopez v. State*, 288 S.W.3d 148, 171 (Tex. App.— Corpus Christi 2009, pet. ref'd).

The trial court admitted evidence that indicated appellant had committed similar offenses within the same time period the incident took place. Such evidence was admissible to rebut the defensive theory that Herbert's lack of specific details regarding the incident was due to dementia. *See Moses*, 105 S.W.3d at 626 (holding that the rebuttal of a defensive theory is a permissible purpose under 404(b)). The jury may find that evidence of similar offenses within the same time period may be a logical reason for some of Herbert's confusion. Because this evidence was admissible, we overrule Noel's second issue.

## IV. INEFFECTIVENESS OF COUNSEL

By his final issue, appellant contends he was denied effective assistance of counsel at trial. Appellant raises multiple arguments to support his claim of ineffective assistance of counsel, including that his trial counsel failed to: (1) object to the admittance of extraneous evidence under 403; (2) request a limiting instruction on the extraneous evidence in the jury charge; (3) challenge Herbert's competency as a witness; and (4) challenge whether appellant had permission to be in the home.

### A. Standard of Review

To prevail on a claim of ineffective assistance of counsel, the defendant must meet the heavy burden of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland,* the defendant must show by preponderance of the evidence that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a

reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (en banc) (citing *Strickland*, 466 U.S. at 694); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet). Allegations of ineffectiveness must be "firmly founded in the record." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. We look to "the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson*, 9 S.W.3d at 813. If the appellant fails to prove one prong of the test, we need not reach the other prong. *See Strickland*, 466 U.S. at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

In evaluating the first prong of *Strickland*, counsel's competence is presumed and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "A vague inarticulate sense that counsel could have provided a better defense is not a legal basis for finding counsel constitutionally incompetent." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.*

### A. Discussion

#### 1. Rule 403

10

First, appellant asserts that his trial counsel failed to object to the admission of evidence that appellant committed a similar burglary at Herbert's residence around the same time period under rule 403.[1]  *See* TEX. R. EVID. 403.  Under rule 403, relevant evidence should be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, or needless presentation of cumulative evidence."  *Saxer v. State*, 115 S.W.3d 765, 766 (Tex. Crim. App. 2003) (citing rule 403).  The Court of Criminal Appeals has held that a proper rule 403 analysis includes the following factors:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

In this case, the evidence of a prior similar act was probative to dispute the defensive theory that his lack of specific details was due to dementia.  Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial.  *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).  Evidence that appellant committed a similar burglary at the same location and near the same time period of the night in question was necessary for the jury to consider

---

[1] Although appellant complains that Herbert testified to a "first" restraining order that had been filed against appellant, the record reflects that minimal evidence came in during trial regarding the restraining order, and the witness was instructed to not refer to the order.  Similarly, appellant complains that Herbert testified appellant had previously broken two window panes on the kitchen door; however, the record does not reflect this testimony.  Consequently, we do not need to address these complaints under rule 403.

an alternative for Herbert's confusion.

Furthermore, evidence of a previous burglary act did not have a tendency to suggest a decision based on an improper basis. *See Gigliobianco*, 210 S.W.3d at 641–42. Most of the evidence presented by the state did not involve the previous burglary, including testimony and observations from Officer Coronado, Detective McFarland, and Herbert's testimony recollecting the night in question. Hence, we cannot conclude that the evidence of the previous burglary would have diverted the jury's attention from the central issue of whether or not appellant committed a burglary on the night in question.

We further find that evidence of the previous burglary did not tend to confuse or distract the jury. *See* TEX. R. EVID. 403. The evidence was fairly limited. It merely established why Herbert might have been confused as to specific details of the night in question; there was no evidence that because of the previous burglary, the burglary in question took place. Thus, the risk did not substantially outweigh the probative value of the evidence when the evidence merely pertained to Herbert's state of mind. *Id.*

Finally, the evidence did not consume an inordinate amount of trial time. *See Gigliobianco*, 210 S.W.3d at 641–42. It was not repetitive in nature, and the time needed to develop the evidence was not significant.

As a result, we conclude that appellant failed to meet his initial burden to show that his counsel's conduct fell below the objective standard of reasonableness.

### 2. Jury Charge

Next, appellant argues that trial counsel was ineffective by failing to request a

12

limiting instruction in the jury charge.[2]

He relies on *Ex parte Varelas* to support his argument that he was deprived of his right to a limiting instruction because his trial counsel failed to request it. 45 S.W.3d 627, 631 (Tex. Crim. App. 2001). In *Varelas*, the Court of Criminal Appeals addressed the argument that trial counsel was ineffective for failing to obtain a limiting instruction on the jury charge:

> In light of the number of ways and the degree to which a defendant can suffer harm from the admission of extraneous offense evidence, we have trouble understanding why trial counsel did not request a burden of proof or limiting instruction regarding these offenses. However, the bare record does not reveal the nuances of trial strategy. Further, to hold trial counsel's actions (or inaction) ineffective in the instant case would call for speculation and such speculation is beyond the purview of this Court. Rather, because of the strong presumptions that trial counsel's conduct falls within the wide range of reasonable professional assistance and that such conduct might be sound trial strategy, we must conclude, in light of an otherwise silent record, that appellant failed to meet his burden of showing that his trial counsel's assistance was ineffective.

*Id.* at 632. Further, the Court in *Varelas* concluded that it was unable to determine trial counsel's failure to request a limiting instruction was ineffective assistance of counsel. *Id.* Appellant makes a similar argument: trial counsel was ineffective for failing to request a limiting instruction. Our review of the record confirms that appellant did not request to limit the jury's consideration of Herbert's testimony at the time it was admitted. Subsequently, when the court's charge was prepared, there was no request from appellant to limit the consideration of this evidence. Because the record does not reflect trial counsel's reason for not requesting a limiting instruction, we cannot conclude that he did not exercise reasonable professional judgment. *See Jackson*, 877 S.W.2d

---

[2] Noel does not elaborate as to which limiting instruction trial counsel should have requested.

13

at 771; *Ali v. State*, 26 S.W.3d 82, 88 (Tex. App.—Waco 2000). Moreover, the Court of Criminal Appeals has held that it is reasonable to conclude that "the decision of whether to request a limiting instruction concerning the proper use of certain evidence, including extraneous offenses, may be a matter of trial strategy." *Delgado*, 235 S.W.3d at 250; *see also Agbogwe v. State,* 414 S.W.3d 820, 838 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("It is reasonable to conclude ... defense counsel decided that seeking an instruction to disregard [defendant's] testimony would only bring further attention to it"). Thus, we may conclude that failure to request a limiting instruction was a result of strategic or tactical considerations of trial counsel in defending appellant. Even if we assume that the first prong of *Strickland* was met, appellant has still "failed to demonstrate with reasonable probability, a different outcome would have resulted but for the trial counsel's failure to seek a limiting instruction." *Ali v. State*, 26 S.W.3d 82, 88 (Tex. App.—Waco 200, no pet.). As a result, appellant's claim of ineffectiveness of counsel for failure to request a limiting instruction fails.

### 3. Challenging a Witness

Appellant also alleges that trial counsel was ineffective by failing to challenge Herbert's competency as a witness. However, trial counsel specifically did just that:

> [Defense]: Mr. Campbell, you stated earlier that you have a mental condition, correct?
>
> [Herbert]: I'm diagnosed bipolar, but it's not anything to stop me from being functional. I was working as a petroleum landman when this took place which –
>
> [Defense]: Do you also suffer from dementia?
>
> [Herbert]: No. I had one doctor say that I may be in the early stages of dementia, but my personal physician doesn't

14

think so.

> [Defense]: Would you be surprised to find out the police reports say that you told them you had dementia?

The record reflects that trial counsel challenged Herbert's competency as a witness. Therefore, appellant does not meet the first prong of *Strickland* to establish ineffective assistance of counsel.

### 4. Permission to be in the home

Last, appellant argues that trial counsel was ineffective because he failed to subpoena the legal owner of the house, appellant's mother, to testify whether appellant was permitted to be in the home. As part of the burglary offense, the State was required to prove that appellant entered the residence without permission of the owner. The Texas Penal Code defines "owner" as a person who: "has title to the property, possession of the property, whether lawful or not, or a greater right to possession to the property than the actor." *See* TEX. PEN. CODE ANN. § 1.07(a). This definition is reflected in the jury charge, also. Because Herbert has been living in the home for the past fifteen years, pursuant to the definition in the penal code, Herbert has possession of the property, and therefore, is considered the owner of the home. *See id.* In this regard, trial counsel was not ineffective for failing to subpoena appellant's mother as a witness.[3] Therefore, appellant fails to meet the first prong of *Strickland*. *See Strickland*, 466 U.S. at 694.

Because appellant does not meet his burden under *Strickland* to establish

---

[3] When challenging trial counsel's failure to call a particular witness, the appellant must show that the witness had been available to testify and that his testimony would have been of some benefit to the defense. *See Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007). During the time of trial, appellant's mother was unavailable as a witness as she was undergoing chemotherapy in Austin under hospice care.

ineffective assistance of counsel on any ground that he asserted, we overrule his last issue. *Id.*

## V. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
31st day of August, 2015.